UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AMMIANUS POMPILIUS (a.k.a. Anthony Prentice),<br><br>                           Plaintiff,<br><br>   v.<br><br>STATE OF NEVADA, et al.,<br><br>                           Defendants. | Case No. 2:21-cv-01331-RFB-DJA<br><br>**ORDER** |

Pro se plaintiff Ammianus Pompilius filed a Second Amended Complaint under 42 U.S.C. 1983 in this removed action ("SAC"). (ECF No. 11).[1] On June 7, 2022, this Court held a hearing in which it screened the SAC under 28 U.S.C. § 1915A. (ECF No. 33). The Court stated its screening findings and reasoning on the record during the hearing. But the Court recognizes that a brief written summary of its screening order will assist the parties going forward in this action. And it understands that some guidance is needed for Pompilius to serve the Defendants with process. The Court now addresses those issues.

**I.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings, however, must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

---

[1] A duplicate of the SAC was filed at ECF No. 12. To ensure a clear record in this case, the Court will instruct the Clerk of the Court to strike the duplicate pleading at ECF No. 12.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. See Chappel v. Lab. Corp. of Am., 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if the plaintiff clearly cannot prove any set of facts in support of the claim that would entitle him or her to relief. See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. See Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. Id.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." Id. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed sua sponte if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). See Neitzke v. Williams, 490 U.S. 319, 327–28 (1989); see also McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   CONCLUSION

For the reasons explained on the record during the June 7 hearing, it is hereby ordered that:

- The operative pleading is the Second Amended Complaint ("SAC") at ECF No. 11;
- The First Amendment free exercise and Nevada analogue (Nev. Const. Art. 1, § 4) claims **can proceed** against only Defendants Julio Calderin, Brian Williams, and Calvin Johnson;
- The claim under the Religious Land Use and Institutionalized Persons Act **can proceed** against only Defendants Calderin, Williams, and Johnson;
- The state law claim for general negligence **can proceed** against only Defendants Calderin, Johnson, and Williams;

- The state law claim for negligent hiring, training, retention, or supervision **can proceed** against only Defendants James Dzurenda, Williams, and Johnson;
- The Eighth Amendment claim for deliberate medical indifference to knee pain **can proceed** against Defendants Richard Wulff and Bryant;
- The state law claims for professional medical negligence **can proceed** against only Defendants Wulff and Bryant;
- The Eighth Amendment claim for deliberate medical indifference to hip pain/arthritis **can proceed** against only Defendants Wulff and Bryant now, and it can proceed against the unnamed members of High Desert State Prison's medical staff when Pompilius learns their true names and obtains leave to substitute them as defendants in this action;
- The state law claim for negligent infliction of emotional distress is **dismissed without prejudice**;
- The state law claim for intentional infliction of emotional distress is **dismissed without prejudice and with leave to amend**;
- Defendants Nevada Department of Corrections and HDSP Medical Department are **dismissed with prejudice** from the SAC with prejudice as amendment would be futile; and
- Defendant Office of the Director is dismissed from the SAC **without prejudice**.

It is further ordered that under Federal Rule of Civil Procedure 4(m), service must be perfected within 90 days from the date of this order.

It is further ordered that subject to the findings of the screening order as stated on the record during the June 7 hearing, within 21 days of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Pompilius of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is

filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate Pompilius the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

It is further ordered that if service cannot be accepted for any of the named defendant(s), Pompilius shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Pompilius shall provide the full name and address for the defendant(s).

It is further ordered that if the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the SAC (ECF No. 11) within 60 days from the date of this order.

It is further ordered that Pompilius shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Pompilius electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. However, if Pompilius mails the document to the Court, he shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Pompilius shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge,

magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

Finally, the Clerk of the Court is directed to:

- **STRIKE** the duplicate pleading at ECF No. 12; and
- Electronically **SERVE** a copy of this order and a copy of the SAC (ECF No. 11) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

DATED: July 20, 2022

RICHARD F. BOULWARE, III
UNITED STATES DISTRICT JUDGE

6